UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALBERT LEON BONDS JR.,

Plaintiff,

v.

JENNIFER P. PROCTOR,

Defendant.

Case No.  2:26-cv-1016-DJC-JDP (PS)

ORDER

Plaintiff Albert Bonds, who claims to be a "Non-citizen National Moor," alleges that Solano County Superior Court Judge Jennfier Proctor violated his federal and state rights. Plaintiff's complaint, however, fails to state a claim.  I will give plaintiff a chance to amend the complaint before recommending dismissal.  I will grant plaintiff's application to proceed *in forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).

**Screening and Pleading Requirements**

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

1

identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff claims that as a "Non-citizen National Moor" he is exempt from complying with statutory codes, bills, fines, and levies. ECF No. 1 at 2. Judge Proctor, the defendant, however, "ignored" plaintiff's exempt status. Plaintiff alleges that Judge Proctor racially profiled him, held him in custody for 60 days, found him to be incompetent, withheld evidence, refused to identify her nationality, and ignored *Marbury v. Madison*. The complaint alleges 23 federal and state counts.

Courts have categorically rejected claims based on sovereign citizen theories. *See United States v. Ward*, 182 F.3d 930 (9th Cir. 1999) (noting that contentions based on sovereign citizen arguments are "frivolous" and that "courts ordinarily reject similar contentions without extended argument"). Rejection is appropriate here; the complaint states no viable claim. The complaint does not articulate any action or inaction taken by defendant. If plaintiff chooses to amend the complaint, plaintiff should take care to allege an appropriate factual basis. *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim.").

But an even more fundamental issue plagues the complaint: plaintiff is attempting to bring claims against defendant based on actions she took in her judicial capacity. "[J]udges are

2

absolutely immune from civil liability for damages for their judicial acts." *Mullis v. U.S. Bankr. Crt. for Dist. of Nevada*, 828 F.2d 1385, 1388 (9th Cir. 1987).

I will allow plaintiff a chance to amend the complaint before recommending that this action be dismissed. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current one. *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is granted.

2. Within thirty days from the service of this order, plaintiff must either file an amended complaint or advise the court that plaintiff wishes to stand by the current complaint. If plaintiff selects the latter option, I will recommend that this action be dismissed.

3. Failure to comply with this order will result in the dismissal of this action.

4. The Clerk of Court is directed to send plaintiff a new form complaint.

IT IS SO ORDERED.

Dated:    April 2, 2026                                    _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3