UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALBERT LEON BONDS JR.,

Plaintiff,

v.

JENNIFER P. PROCTOR,

Defendant.

Case No. 2:26-cv-1016-DJC-JDP (PS)

FINDINGS AND RECOMMENDATIONS

Plaintiff Albert Bonds alleges in his first amended complaint that Solano County Superior Court Judge Jennfier Proctor violated his federal rights. Plaintiff's complaint has failed to cure the deficiencies noted in my prior screening order; thus I recommend that this action be dismissed without leave to amend.

**Screening and Pleading Requirements**

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

The claims in plaintiff's first amended complaint surround his appearance before defendant Judge Proctor in Solano County Superior Court. *See* ECF No. 6. Defendant held a hearing to assess plaintiff's competency to stand trial, but plaintiff alleges that she did not have jurisdiction to conduct such a hearing because he "did not consent to the court's personal jurisdiction and [because] the court lacked subject-matter jurisdiction." *Id.* at 2.

Plaintiff's complaint sounds in sovereign citizen rhetoric and, as I previously warned plaintiff, courts have categorically rejected claims based on sovereign citizen theories. *See United States v. Ward*, 182 F.3d 930 (9th Cir. 1999) (noting that contentions based on sovereign citizen arguments are "frivolous" and that "courts ordinarily reject similar contentions without extended argument"). That same rejection is appropriate here; the complaint states no viable claim.

Plaintiff also failed to ameliorate the court's warning that he cannot bring claims against defendant based on actions she took in her judicial capacity. "[J]udges are absolutely immune from civil liability for damages for their judicial acts." *Mullis v. U.S. Bankr. Crt. for Dist. of Nevada*, 828 F.2d 1385, 1388 (9th Cir. 1987).

Based on the foregoing, I recommend that this action should be dismissed without leave to amend because amendment would be futile. *See Schucker v. Rockwood*, 846 F.2d 1202, 1203-

204 (9th Cir. 1988) (per curiam) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks and citations omitted); *California Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988) ("Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility.").

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's first amended complaint, contained in ECF No. 4, be DISMISSED without leave to amend.

2. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: July 17, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE